UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONNIE GREEN, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) |
| DEB HAALAND, Secretary | ) |
| U.S. Department of the Interior[1], | ) |
| | ) |
| *Defendant*. | ) |
| | ) |

Civil Action No. 21-0329 (RDM)

## __MOTION TO DISMISS AND MEMORANDUM IN SUPPORT__

*CHANNING D. PHILIPS*
Acting United States Attorney

*BRIAN P. HUDAK*
Acting Chief, Civil Division

*BRENDA GONZÁLEZ HOROWITZ*
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia

May 27, 2021

---

[1]     Pursuant to Federal Rule of Civil Procedure 25(d), Deb Haaland is automatically substituted for her predecessor, David Bernhardt, as Secretary of the U.S. Department of the Interior.

## TABLE OF CONTENTS

TABLE OF CONTENTS.....................................................................................................i

TABLE OF AUTHORITIES ............................................................................................ ii

BACKGROUND ............................................................................................................... 7

STANDARD OF REVIEW ............................................................................................... 8

   I. Motion to Dismiss Under Rule 12(b)(6)....................................................................... 8

ARGUMENT .................................................................................................................. 11

   I. Plaintiff's Complaint Is Subject to Dismissal for Failure to Exhaust Administrative
     Remedies ................................................................................................................... 11

   II. Plaintiff's Age Discrimination and Retaliation Claims Should be Dismissed for Failure to
     State a Claim Upon Which Relief Can Be Granted. ............................................... 14

     A.  None of the Alleged Actions Constituted Materially Adverse Actions under the ADEA.
        ......................................................................................................................... 14

     B.  Plaintiff Fails to Plead a Plausible Basis for Retaliation................................. 17

     C.  None of the Alleged Actions Constitute Materially Adverse Actions of Retaliation
        under Title VII. ................................................................................................ 21

     D.  Plaintiff Fails to Plead a Causal Connection Between Prior Protected Activity and
        Retaliatory Actions…………………………………………………………………….22

   III.  Plaintiff Fails to Plausibly Plead a Hostile Work Environment Claim ............................ 24

   CONCLUSION............................................................................................................... 26

## TABLE OF AUTHORIES

**Cases**                                                                                          **Page(s)**

*Allen v. Napolitano*,
   943 F. Supp. 2d 40 (D.D.C. 2013) ....................................................................... 20

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...................................................................................... 8, 9

*Baloch v. Kempthorne*,
   550 F.3d 1191 (D.C. Cir. 2008)............................................................................. 19

*Beckham v. Nat'l R.R. Passenger Corp.*,
   736 F.Supp.2d 130 (D.D.C.2010) ......................................................................... 16

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ......................................................................................... 8

*Bowden v. United States*,
   106 F.3d 433 (D.C.Cir.1997) .............................................................................. 11

*Bright v. Copps*,
   828 F.Supp.2d 130–49 (D.D.C. 2011) ..................................................................... 16

*Brockman v. Snow*,
   217 Fed. Appx. 201 (4th Cir. 2007) ....................................................................... 16

*Broderick v. Donaldson*,
   437 F.3d 1226 (D.C. Cir. 2006) ............................................................................ 14

*Brodetski v. Duffey*,
   141 F.Supp.2d 35–43 (D.D.C. 2001) .......................................................... 17, 18, 19

*Brown v. Snow*,
   440 F.3d 1259 (11th Cir.2006) ............................................................................ 15

*Byrd v. Vilsack*,
   931 F.Supp.2d 27 (D.D.C.2013) ........................................................................... 16

*Colbert v. Potter*,
   471 F.3d 158 (D.C. Cir.2006) .............................................................................. 11

*Dorns v. Geithner*,

692 F.Supp.2d 119 (D.D.C. 2010) ....................................................................... 13

*Douglas v. Preston*,
559 F.3d 549 (D.C. Cir. 2009) ..................................................................... 11, 14

*Fort Sill Apache Tribe v. Nat'l Indian Gaming Comm'n, Civ. A.*
No. 14-958, 2015 U.S. Dist. LEXIS 61644 (D.D.C. May 12, 2015) ..................... 9

*Gray v. Foxx*,
637 Fed. Appx. 603 (D.C. Cir. 2015) .................................................................. 20

*Green v. Small*,
Civ. A. No. 05-1055 (ESH), 2006 WL 148740, at *6 (D.D.C. Jan. 19, 2006) ....... 9

*Heard v. Dep't of State, Civ. A. No. 08-2123*
(RBW), 2010 WL 3700184 (D.D.C. Sept. 17, 2010) ......................................... 13

*Holcomb v. Powell*,
433 F.3d 889 (D.C. Cir. 2006) ..................................................................... 14, 17

*Homburg v. UPS, No. 05–2144*,
2006 WL 2092457 (D. Kan. July 27, 2006) ...................................................... 16

*Horsey v. Dep't of State*,
170 F. Supp. 3d 256, (D.D.C. 2016) .............................................................. 9, 22

*Howard R.L. Cook & Tommy Shaw Found. ex rel. Black Emps. of Library of Cong., Inc. v. Billington*,
737 F.3d 767 (D.C. Cir. 2013) .......................................................................... 17

*Huang v. Wheeler*,
215 F. Supp. 3d 100 (D.D.C. 2016) ................................................................... 15

*In re James*,
444 F.3d 643 (D.C. Cir. 2006) .......................................................................... 11

*Kirton v. Mayorkas, Civ. A. No. 18-1580*
(RCL), 2021 WL 981241 (D.D.C. March 16, 2021) ........................................... 20

*Koch v. Schapiro*,
699 F.Supp.2d 3 (D.D.C. 2010) .................................................................. 11, 12

*Lewis v. Dist. of Columbia*,
653 F.Supp.2d 64 (D.D.C. 2009) ...................................................................... 19

*Lewis v. Glickman, No. Civ. A 96–0358,*
  1997 WL 276084 (E.D. La. May 15, 1997) ........................................ 15

*Marcelus v. Corr. Corp. of Am./Corr. Treatment Facility,*
  540 F. Supp. 2d 231 (D.D.C. 2008) ................................................ 10

*Melton v. Farmers Ins. Grp.,*
  619 F.Supp.2d 1131 (W.D. Okla. 2008) .......................................... 16

*Mitchell v. Baldrige,*
  759 F.2d 80 (D.C. Cir. 1985) ....................................................... 17

*Moore v. Dep't of State,*
  351 F. Supp. 3d 76 (D.D.C. 2019) ................................................. 22

*Ndondji v. Interpark Holdings, Inc.,*
  768 F. Supp. 2d 263 (D.D.C. 2011) ................................................. 9

*Newton v. Office of Architect of the Capitol,*
  839 F.Supp.2d 112 (D.D.C. 2012) ................................................. 19

*Ng v. Lahood,*
  952 F.Supp.2d 85 (D.D.C. 2013) .................................................. 16

*Niskey v. Kelley,*
  859 F.3d 1 (D.C. Cir. 2017) ......................................................... 11

*Nurriddin v. Bolden,*
  674 F.Supp.2d 64 (D.D.C. 2009) ................................................... 22

*Parker v. Baltimore & O. R. Co.,*
  652 F.2d 1012 (D.C. Cir. 1981) ..................................................... 18

*Payne v. Salazar,*
  619 F.3d 56 (D.C. Cir. 2010) ....................................................... 10

*Pearsall v. Holder,*
  610 F.Supp.2d 87 (D.D.C.2009) .................................................... 11

*Rafi v. Sebelius,*
  377 Fed. Appx. 24 (D.C. Cir. 2010) (per curiam) ............................... 13

*Railway Passenger Corporation v. Morgan,*
  536 U.S. 101 (2002) ................................................................... 21

iv

*Russell v. Principi,*
    257 F.3d 815 (D.C. Cir. 2001) ............................................... 15

*Seldon v. Nat'l R.R. Passenger Corp., No. 05–4165,*
    2007 WL 3119976 (E.D. Pa. Oct. 24, 2007) ........................... 16

*Swierkiewicz v. Sorema, N.A.,*
    534 U.S. 506 (2002) ............................................................. 9

*Taylor v. Small,*
    350 F.3d 1286 (D.C. Cir. 2003) ...................................... 14, 15

*Taylor v. Solis,*
    571 F.3d 1313 (D.C. Cir. 2009) ...................................... 19-20

*Teneyck v. Omni Shoreham Hotel,*
    365 F.3d 1139 (D.C. Cir. 2004) ............................................ 13

*Townsend v. Benjamin Enters., Inc.,*
    679 F.3d 41 (2d Cir. 2012) ................................................... 18

*Vanover v. Hantman,*
    77 F. Supp. 2d 91 (D.D.C. 1999) ......................................... 10

*Welzel v. Bernstein,*
    436 F.Supp.2d 110 (D.D.C. 2006) ........................................ 18

*Weng v. Solis,*
    960 F.Supp.2d 239 (D.D.C. 2013) ........................................ 16

*Whittaker v. N. Ill. Univ.,*
    424 F.3d 640 (7th Cir. 2005) ............................................... 15

*Williams v. Chu,*
    641 F. Supp. 2d 31 (D.D.C. 2009) ......................................... 9

*Williams v. Stake, Civ. A. No. 14–1210*
    (JEB), 2014 WL 6765442 (D.D.C. Dec. 2, 2014) ................. 13

*Woodruff v. Peters,*
    482 F.3d 521 (D.C. Cir. 2007) ...................................... 10-11

**Statutes**

29 U.S.C § 633a ........................................................................ 10

29 U.S.C. § 794a ........................................................................................................ 10

29 U.S.C.§ 621 ............................................................................................................ 7

42 U.S.C. 2000e ...................................................................................................... 7, 10

**Rules**

Federal Rule of Civil Procedure 12 ................................................................... 7, 8, 9, 11

Federal Rule of Civil Procedure 25 ......................................................................... 1, 23

**Other**

29 C.F.R. § 1614.105 ................................................................................................. 10

29 C.F.R. § 1614.106 (2012) ..................................................................................... 11

29 C.F.R. § 1614.108 (2012) ..................................................................................... 11

29 C.F.R. § 1614.407 (2012) ..................................................................................... 11

Defendant Deb Haaland, in her official capacity as Secretary of the U.S. Department of the Interior (the "Department"), inclusive of its component the United States Park Police (the "Park Police"), by and through undersigned counsel, hereby moves to dismiss Plaintiff Connie Green's complaint for age discrimination pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.§ 621, *et. seq.*, and for retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

Numerous grounds justify dismissal of the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). At the outset, the entire complaint is subject to dismissal due to Plaintiff's failure to timely exhaust her administrative remedies. Should the Court, however, find that Plaintiff timely contacted an Equal Employment Office ("EEO") counselor, both the age discrimination and retaliation claims should alternatively be dismissed for failure to state a claim upon which relief can be granted. As explained below, none of the actions at the heart of Plaintiff's Complaint (e.g., denial of a cell phone, a successful 2018 performance evaluation, a 2019 "exceeds expectation" performance evaluation, and denial of telework), constitute materially adverse actions under the ADEA or Title VII.  Further, Plaintiff fails to plead a plausible basis for retaliation, as the lone "protected" activity she points to does not constitute participation clause activity and occurred after several of the events Plaintiff contends were discriminatory. Finally, Plaintiff fails plausibly to plead facts that could constitute a hostile work environment. Accordingly, Plaintiff's Complaint is subject to dismissal.

## BACKGROUND

Plaintiff (who is over 40 years old) is, and was at the times relevant to this action, employed by the Park Police as a finance specialist. Compl. ¶¶ 1, 15. On January 21, 2020, Plaintiff contacted an EEO counselor regarding certain claims of discrimination due to her age, retaliation, and

harassment. *Id.* ¶¶ 6-7; *see also* Ex. 1, Report of Counseling.[2] On February 20, 2020, Plaintiff

received a Notice of Final Counseling. *Id.* ¶ 8. On February 23, 2020, Plaintiff's EEO counselor

followed up with additional questions stemming from Plaintiff's interview, to which Plaintiff

provided answers on February 24, 2020. *Id.* ¶ 9.  On June 19, 2020, the Park Police issued a Report

of Counseling. *Id.* ¶ 10. Hearing nothing further, Plaintiff initiated the instant complaint on

February 5, 2021. ECF No. 1.

**STANDARD OF REVIEW**

**I.      Motion to Dismiss Under Rule 12(b)(6)**

A motion made under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests whether

a complaint has successfully "state[d] a claim upon which relief can be granted."  Fed. R. Civ. P.

12(b)(6).  While detailed factual allegations are not necessary to withstand a Rule 12(b)(6)

challenge, a plaintiff must nonetheless provide "more than labels or conclusions" or a "formulaic

recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56

(2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  A claim is facially plausible only when

a plaintiff pleads factual content that enables the Court to "draw [a] reasonable inference that the

defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  While the Court must

---

[2]      All documents cited to and attached as exhibits to Defendant's motion were either directly referenced in the complaint or are contained in the administrative record regarding the 2020 administrative complaint—the administrative EEO complaint that underlies this Complaint. As explained in detail in the Standard of Review section, *infra*, all such documents are properly considered incorporated into the complaint by reference and may be considered without converting this motion to dismiss into a motion for summary judgment.

assume that any "well-pleaded factual allegations" in a complaint are accurate, conclusory allegations "are not entitled to the assumption of truth." *Id.* at 679.

This standard applies equally in employment cases. *Horsey v. Dep't of State*, 170 F. Supp. 3d 256, 263, (D.D.C. 2016). Although a plaintiff need not specifically plead the facts supporting a *prima facie* case, the Court is to rely on the factual allegations in the Complaint as pled and, along with the reasonable inferences drawn therein, reach appropriate legal conclusions based on those facts. *See Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510 n.2 (2002). Simply asserting discrimination in a pleading is not enough to survive a motion to dismiss. *Horsey*, 170 F. Supp. 3d at 263.

It is important to note that citation to materials outside of the Complaint does not convert a Rule 12(b)(6) motion to dismiss into one for summary judgment if the cited materials were attached to the Complaint, were incorporated by reference in the Complaint, or concern matters of which the Court may take judicial notice. *See Fort Sill Apache Tribe v. Nat'l Indian Gaming Comm'n*, 103 F. Supp. 3d 113, 117 (D.D.C. 2015) (citing *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007)); *Ndondji v. Interpark Holdings, Inc.*, 768 F. Supp. 2d 263, 272 (D.D.C. 2011). In considering a motion to dismiss under Rule 12(b)(6), the district court, without converting the motion into one for summary judgment, could consider, in addition to the facts alleged in the complaint, documents either attached to, or incorporated into the complaint by reference, as well as matters of which the court could take judicial notice. *See Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004) (permitting consideration of documents "referred to in the complaint and [] integral to [the plaintiff's] claim"). Documents involved in the administrative proceedings underlying a federal complaint are matters of public record, so their consideration does not convert a motion to dismiss into a motion for summary judgment. *Ndondji*, 768 F. Supp.

2d at 272; *Green v. Small*, Civ. A. No. 05-1055 (ESH), 2006 WL 148740, at *6 n.4 (D.D.C. Jan. 19, 2006); *see also Williams v. Chu*, 641 F. Supp. 2d 31, 35 (D.D.C. 2009) (noting that the court could take judicial notice of EEOC decision denying plaintiff's request for reconsideration of her discrimination complaints); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference" (citing 5B Wright & Miller § 1357 (3d ed. 2004)).

Here, Plaintiff's complaint references and includes information regarding her contact with an EEO counselor, her alleged exhaustion of remedies, and the "Report of Counseling" she received on June 19, 2020.  *See* Compl. ¶¶ 6-12; *see also Green*, 2006 WL 148740, at *6, n.4 (consideration of Agency's Notice of Acceptance of Discrimination Complaint, which was attached to the defendant's motion to dismiss, but not attached to the Complaint, did not convert the motion to dismiss into a summary judgment motion as it was a document involved in the administrative proceedings underlying the case, the proceedings of which are a matter of public record which the court could take judicial notice of); *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999) (concluding that, on a motion to dismiss, a court could properly consider "various letters and materials produced in the course of plaintiff's discharge proceedings" that were "referred to in the complaint and [were] central to plaintiff's claims") *aff'd*, 38 F. App'x 4 (D.C. Cir. 2002)); *Marcelus v. Corr. Corp. of Am./Corr. Treatment Facility*, 540 F. Supp. 2d 231, 235 n.5 (D.D.C. 2008) (treating EEOC charge and collective bargaining agreement referenced in complaint as incorporated into the complaint).

## ARGUMENT

**I.**   **Plaintiff's Complaint Is Subject to Dismissal for Failure to Exhaust Administrative Remedies**

Federal employees must exhaust their administrative remedies before filing suit under Title VII, the Rehabilitation Act, or the ADEA. *See* 42 U.S.C. § 2000e–16(c) (requiring exhaustion under Title VII procedures); 29 U.S.C. § 794a(a)(1) (applying the remedies, procedures, and rights associated with Title VII claims to Rehabilitation Act claims); 29 U.S.C § 633a(b)-(d) (providing exhaustion requirements under the ADEA); *see also Payne v. Salazar*, 619 F.3d 56, 58 (D.C. Cir. 2010). To begin that process, the employee generally must contact an EEO counselor to complain about the alleged violation within 45 days of its occurrence. 29 C.F.R. § 1614.105; *see also Woodruff v. Peters*, 482 F.3d 521, 527 (D.C. Cir. 2007). If the matter is not resolved through counseling, the employee may timely file an administrative complaint with the agency's EEO office. *See* 29 C.F.R. § 1614.106(a)-(c) (2012). After the agency has the opportunity to investigate the matter, the complainant may demand an immediate final decision from the agency or a hearing before an EEOC administrative judge. *See* 29 C.F.R. § 1614.106(e)(2); 29 C.F.R. § 1614.108(f) (2012). A complainant may file a civil action within 90 days of receipt of the final decision from the agency or after a complaint has been pending for at least 180 days. *See* 29 C.F.R. § 1614.407 (2012). If an employee fails to comply with any of these deadlines, his or her claim may be dismissed for lack of proper administrative exhaustion.  *Niskey v. Kelley*, 859 F.3d 1, 7 (D.C. Cir. 2017).  Failure to exhaust administrative remedies is a defense properly brought as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Douglas v. Preston*, 559 F.3d 549, 556 n.4 (D.C. Cir. 2009).

Failure to exhaust under the ADEA and Title VII is an affirmative defense, not a jurisdictional requirement. *See Koch v. Schapiro*, 699 F.Supp.2d 3, 12 (D.D.C. 2010); *Pearsall v.*

*Holder*, 610 F.Supp.2d 87, 95 (D.D.C. 2009). The D.C. Circuit has repeatedly recognized that the exhaustion defense "is similar to a statute of limitations." *In re James*, 444 F.3d 643, 647 (D.C. Cir. 2006); *see also Colbert v. Potter*, 471 F.3d 158, 167 (D.C. Cir. 2006) (same); *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997) (same)). As such, the Title VII and ADEA exhaustion requirements are properly viewed as affirmative defenses, and thus "the defendant bears the burden of pleading and proving" the defense. *Bowden*, 106 F.3d at 437; *see also Koch*, 699 F. Supp. 2d at 12.

Plaintiff's complaint contains a host of allegations, starting in 2016, that she contends make up her age discrimination and retaliation claims. First, Plaintiff alleges that in April 2018, June 2018, and again in September 2019, she made requests for a cell phone "in order to carry out her duties," but at "no time in her employment" was Plaintiff provided a phone. Compl. ¶¶ 23, 24, 30, 31. Plaintiff further alleges that the Park Police stated it would conduct a cell phone audit but failed to do so. *Id*. ¶¶ 31, 32. Next, Plaintiff contends that after being out for medical leave in July 2018, she asked to telework, but was told she needed to return to the office. Compl. ¶ 35, 36. Stemming from this absence from the office, Plaintiff alleges that on August 2, 2018, she received a "Fully Successful" on her performance evaluation, a rating she sought to challenge by requesting "formal reconsideration," a request she claims was ignored by the agency. *Id*. ¶¶ 37, 39-41.

Further, Plaintiff contends that in October 2018 she endured "harassment" from Deputy Chief Steven Booker, though she fails to provide any specific examples of this alleged harassment. *See e.g.*, Compl. ¶¶ 43-44. As a result of this interaction with Deputy Chief Booker, Plaintiff filed a complaint with the Office of Inspector General ("OIG"), which Plaintiff believes led to subsequent "retaliation" and continued harassment over the course of the following year. Compl. ¶¶ 46-48. Similar to her 2018 rating, Plaintiff then alleges that she received an "Exceeds

Expectations with a Numerical Rating of 4.0" performance evaluation in 2019, but that her supervisors failed to include "supporting documentation for each critical element." *Id*. ¶¶ 51-52.[3] Plaintiff also alleges that she was "ignored" and "harassed", that she was excluded from meetings, denied the usage of a Park Police vehicle, and forced to switch cubicles. *Id*. ¶¶ 45, 47, 53.

The Court should dismiss all these claims due to Plaintiff's failure to timely exhaust her administrative remedies. By her own admission, she did not seek EEO contact until January 21, 2020, *see* Compl. ¶¶ 6-7. At the latest, these claims should have been raised to a counselor within 45 days of the alleged discriminatory act, or at various points between 2016 and 2019. As such, these claims are stale and untimely, and should therefore be dismissed. *See e.g.*, *Rafi v. Sebelius*, 377 F. App'x 24, 25 (D.C. Cir. 2010) (per curiam) (affirming dismissal of Title VII and ADEA claims as to positions for which the appellant applied because he failed to contact an EEO counselor within the 45 day time period); *Dorns v. Geithner*, 692 F.Supp.2d 119, 130 (D.D.C. 2010) (concluding that the plaintiff failed to exhaust certain Title VII claims because she contacted an EEO Counselor more than 16 months after the alleged discriminatory actions occurred); *Heard v. Dep't of State*, Civ. A. No. 08-2123 (RBW), 2010 WL 3700184, at *6 (D.D.C. Sept. 17, 2010) (dismissing disability discrimination claim because of the plaintiff's failure to consult an EEO Counselor within 45 days of the alleged discriminatory action).

---

[3]     Plaintiff claims she requested a "reconsideration" of her 2019 performance rating on December 17, 2019, that was subsequently denied. As this is the only allegation that falls within the 45 day exhaustion period, this lone claim is not subject to dismissal for a failure to administratively exhaust, but is subject to dismissal for failure to state a claim upon which relief can be granted, as discussed *infra* in Section II(A).

II.     **Plaintiff's Age Discrimination and Retaliation Claims Should be Dismissed for Failure to State a Claim Upon Which Relief Can Be Granted**

A.     **None of the Alleged Actions Constituted Materially Adverse Actions under the ADEA**

Starting with the ADEA age discrimination claim, a plaintiff's prima facie case requires evidence that (1) she is a member of the protected class (i.e., over 40 years of age); (2) she was qualified for the position and was performing her job well enough to meet her employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) she was disadvantaged in favor of a similarly situated younger person. *See Teneyck v. Omni Shoreham Hotel*, 365 F.3d 1139, 1155 (D.C. Cir. 2004); *Williams v. Stake*, Civ. A. No. 14–1210 (JEB), 2014 WL 6765442, at *4 (D.D.C. Dec. 2, 2014).

Even construing in the light most favorable to Plaintiff, she fails to allege that she suffered materially adverse actions under the ADEA.  The D.C. Circuit has defined an adverse employment action for purposes of a discrimination claim as "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits." *Taylor v. Small*, 350 F.3d 1286, 1293 (D.C. Cir. 2003) (citation omitted).  If, however, an employment action is not presumptively adverse, such as a hiring or firing, the "employee must experience materially adverse consequences affecting the terms, conditions, or privileges of employment or future employment opportunities such that a reasonable trier of fact could find objectively tangible harm." *Douglas v. Donovan*, 559 F.3d 549, 552 (D.C. Cir. 2009) (citation, quotation marks, and alteration omitted). "Not everything that makes an employee unhappy is an actionable adverse action." *Broderick v. Donaldson*, 437 F.3d 1226, 1233 (D.C. Cir. 2006) (citation, quotation marks, and alteration omitted). "[P]urely subjective injuries, such as dissatisfaction with a reassignment, public humiliation, or loss of

reputation, are not adverse actions." *Holcomb v. Powell*, 433 F.3d 889, 902 (D.C. Cir. 2006) (citation and quotation marks omitted).

Here, Plaintiff contends that she was denied a cell phone to carry out her duties, while other employees were provided with cell phones. Compl. ¶¶ 20-27. While Plaintiff fails to identify with specificity any harm that occurred as a result of this alleged denial, she states that the "conditions" of her employment were "unequally affected" by this denial. *Id.* ¶ 27. Aside from this unsupported, conclusory statement, Plaintiff does not describe how the terms or conditions or her employment were affected as a result of not receiving a cell phone during her employment with the Park Police. Indeed, Plaintiff makes no allegation that she failed to receive assignments due to a lack of a cell phone or that she ever received an adverse performance rating due to an inability to timely communicate with her supervisors or colleagues as a result of not possessing a cell phone. Finally, Plaintiff fails proffer how a trier of fact could find "objectively tangible harm" as a result of the purported denial.  Thus, Plaintiff's claim that she was denied a cell phone, to the exclusion of other employees, should be dismissed. *See Iqbal*, 556 U.S. at 679.

Further, as noted above, Plaintiff contends that a denial of telework and her 2018 and 2019 performance ratings ("fully successful" and "exceeds expectations," respectively) are evidence of age discrimination. The D.C. Circuit has noted that formal criticism or poor performance evaluations are generally not adverse employment actions if they do not affect the employee's grade or salary. *See Russell v. Principi*, 257 F.3d 815, 819 (D.C. Cir. 2001) (negative performance evaluations are not adverse actions absent some effect on terms, conditions or privileges of employment); *Taylor*, 350 F.3d at 1293; *Huang v. Wheeler*, 215 F. Supp. 3d 100, 109-110 (D.D.C. 2016) (dismissing retaliation claim predicated on midterm performance evaluation as it had no binding effect on plaintiff's salary, bonus, leave, or other benefits); *Lewis v. Glickman*, Civ. A.

No. 96–0358, 1997 WL 276084, at *6 (E.D. La. May 15, 1997) (late receipt of performance appraisal is "of no moment"); *see also Brown v. Snow*, 440 F.3d 1259, 1265 (11th Cir.2006) ("A lower score on [the employee's] performance evaluation, by itself, is not actionable…unless [the employee] can establish that the lower score led to a more tangible form of adverse action, such as ineligibility for promotional opportunities."); *Whittaker v. N. Ill. Univ.*, 424 F.3d 640, 648 (7th Cir. 2005) (evaluations and written warnings were not adverse actions because none had "tangible job consequences").

Moreover, Plaintiff did not even receive "poor" or "low" performance evaluations, instead, she received a "fully successful" rating for 2018 and an "exceeds expectation" rating for 2019. Importantly, Plaintiff does not allege that she had been receiving higher performance evaluations prior to the 2018 and 2019 ratings. Further, Plaintiff fails to specify how either of these ratings resulted in financial harm such that they would constitute materially adverse actions. While Plaintiff makes a single passing reference to suffering "financial harm," as it relates to the 2019 evaluation (Compl. ¶ 52), Plaintiff fails to provide requisite specificity about how an even higher rating would have caused a different financial outcome. To the contrary, her conclusory assertions are inadequate and are a further basis for dismissal.

Finally, Plaintiff fails to plead an adverse employment action as it relates to a denial of a request to telework in July 2018. Courts in this and other jurisdictions repeatedly have held that denial of a telework arrangement on its own does not constitute an adverse employment action. *Byrd v. Vilsack*, 931 F.Supp.2d 27, 41 (D.D.C.2013) ("[T]he denial of an employee's request to work from home on a few occasions, without more, does not constitute an adverse employment action under Title VII"); *Beckham v. Nat'l R.R. Passenger Corp.*, 736 F.Supp.2d 130, 149 (D.D.C.2010) ("Being denied the ability to work from home on, at most, three occasions is a minor

annoyance, not an adverse action."); *Ng v. Lahood*, 952 F.Supp.2d 85, 96 (D.D.C. 2013); *Bright v. Copps*, 828 F.Supp.2d 130, 148–49 (D.D.C. 2011); *Brockman v. Snow*, 217 F. App'x 201, 206 (4th Cir. 2007) ("Although Brockman was not allowed to work from home, she was not denied leave. It is undisputed that Mollett offered to approve sick leave, but Brockman did not want to take time off. A determination affecting Brockman's ability to work where she chooses is not the type of ultimate decision that this court has required for a prima facie case of discrimination."); *Homburg v. UPS*, No. 05–2144, 2006 WL 2092457, at *9 (D. Kan. July 27, 2006) ("[D]istrict courts . . . have consistently held that the denial of a request to work from home is not adverse employment action.") (collecting cases); *Seldon v. Nat'l R.R. Passenger Corp.*, No. 05–4165, 2007 WL 3119976, at *3 (E.D. Pa. Oct. 24, 2007) (collecting cases); *Melton v. Farmers Ins. Grp.*, 619 F. Supp. 2d 1131, 1139 (W.D. Okla. 2008). Plaintiff makes no allegation here that she was denied leave and forced to return to the office. Accordingly, this contention should similarly be dismissed as it fails to rise to the level of a materially adverse action for Plaintiff's age discrimination claim.

### B.    Plaintiff Fails to Plead a Plausible Basis for Retaliation

Plaintiff's retaliation claim also fails because the protected activity she cites is a Park Police Director's Order "16E" anti-harassment policy ("16E") complaint made in 2018. Not only does the 16E complaint fail to satisfy the standard for "protected activity," but several of the events at issue pre-date the filing of the 16E complaint. To prove a retaliation claim, an employee "must show (1) that [the] employee engaged in statutorily protected activity; (2) that the employee suffered a materially adverse action by the employee's employer; and (3) that a causal link connects the two." *Howard R.L. Cook & Tommy Shaw Found. ex rel. Black Emps. of Library of Cong., Inc. v. Billington*, 737 F.3d 767, 772 (D.C. Cir. 2013). "To survive [a] motion to dismiss, [a] complaint must contain sufficient factual matter, accepted as true, to plausibly establish those three elements." *Id.* (internal quotation marks omitted). Title VII prohibits employers from

discriminating against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter," 42 U.S.C. § 2000e–3(a) (opposition clause), "or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter," *id.* (participation clause); *see Crawford v. Metro. Gov't of Nashville & Davidson Cnty.*, 555 U.S. 271, 274 (2009) (describing the two clauses of Title VII's antiretaliation provision). A claim under either the opposition or participation clause is viable only if the plaintiff shows he "engaged in a statutorily protected activity, the employer treated [him] adversely, and a causal connection existed between the two." *Winston v. Clough*, 712 F. Supp. 2d 1, 11 (D.D.C. 2010) (citations omitted). "[S]tatutorily protected activities include the filing of EEOC complaints and the initiation of litigation to vindicate claims of employment discrimination or retaliation." *Baloch v. Norton*, 517 F. Supp. 2d 345, 354 (D.D.C. 2007). Title VII retaliation claims require proof that the desire to retaliate was the *but-for* cause of the challenged employment action. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013) (citation omitted) (emphasis added). Plaintiff's complaint falls demonstrably short of this demanding standard.

Plaintiff argues that in October 2018 she filed a complaint pursuant to Director's Order 16E, Anti-Harassment Policy. Importantly, Director's Order 16E is an internal anti-harassment policy, and it aims to provide relief involving harassment that does not "rise[] to the level of a violation of law." *See* https://www.nps.gov/subjects/policy/upload/RM-16E_Signed_4-23-2018.pdf, at PDF p. 2 (last accessed May 25, 2021). While the policy outlines certain procedures for raising harassment complaints, it does not supersede or otherwise replace an employee's obligation to go through the EEO process. *Id.* Plaintiff contends that her participation through this

process constitutes protected activity that forms the grounds for her retaliation claim.[4] But Director's Order 16E explicitly notes that "[f]iling a report under [Director's Order] #16E does not satisfy the requirements for filing an EEO complaint, negotiated grievance, or other procedure and obtaining remedies pursuant to them, nor does it delay the time limits for initiating those procedures." *Id.* at 10. In the context of a Title VII claim, the D.C. Circuit has held that "[t]he participation clause speaks in clear, absolute terms, and has accordingly been interpreted as shielding recourse to the EEOC." *Parker v. Baltimore & O. R. Co.*, 652 F.2d 1012, 1019 (D.C. Cir. 1981). As such, district courts in this jurisdiction and other circuits have found the participation clause to protect only activity under EEOC proceedings. *See Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 50 (2d Cir. 2012) (finding that under plain language of participation clause, "internal investigations not associated with a formal EEOC charge" do not qualify as

---

[4]    Plaintiff confusingly references an EEO complaint filed by her husband in 2015. Compl. ¶ 18. Plaintiff does not allege, however, that she participated in her husband's EEO matter or that it constitutes prior protected activity on Plaintiff's behalf. To the extent the Complaint can be read to infer as much, there exists no causal connection between the events occurring between 2016 through 2019 and an EEO complaint in 2015. Here, Plaintiff provides no direct evidence of a connection between her husband's alleged protected activity and the denial of a cell phone to Plaintiff, her performance ratings, denial of telework, or the existence of a hostile work environment.

In the absence of direct evidence, an inference of a causal connection between protected activity and an adverse employment action may be established on a "showing that the employer had knowledge of the employee's protected activity, and that the adverse personnel action took place shortly after that activity." *Mitchell v. Baldrige*, 759 F.2d 80, 86 (D.C. Cir. 1985); *see also Holcomb v. Powell*, 433 F.3d 889, 903 (D.C. Cir. 2006); *Brodetski v. Duffey*, 141 F.Supp.2d 35, 42–43 (D.D.C. 2001) ("By showing both knowledge and proximity in time, plaintiff may establish the causal connection needed for a prima facie case of retaliation."). While courts have not definitively "established the maximum time lapse between protected Title VII activity and alleged retaliatory actions," *Brodetski*, 141 F. Supp. 2d at 43, action that occurs more than three months after the protected activity is not likely to qualify for such a causal inference. Finally, Plaintiff does not allege that any management officials were aware of her husband's EEO complaint or Plaintiff's participation in such, if any, further supporting dismissal for Plaintiff's failure to plausibly allege a causal connection to the events at issue here.

protected activity); *Welzel v. Bernstein*, 436 F.Supp.2d 110, 119 (D.D.C. 2006) (proceedings not under Title VII are not protected under the participation clause).

Plaintiff offers no authority for the proposition that a complaint to anybody suffices to benefit from the statutory protections provided by the participation clause, and indeed such a reading would depart from the statutory language, which affords protection to a person who "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing *under this title*."   42 U.S.C. § 2003e-3(a) (emphasis added).   The statute makes no reference to protection for participation in proceedings like those under 16E that are designed expansively to encompass allegations that do *not* violate the law, and Plaintiff's conflation of the internal 16E administrative procedures (*see* Compl. ¶¶ 64-65) with the special protections afforded by statute to proceedings specifically advanced "under this title" is wholly insufficient plausibly to allege a violation of the participation clause.   Thus, having alleged no statutorily sufficient prior protected activity, Plaintiff's retaliation claim necessarily fails.[5]

Further, even if this Court were to find that Plaintiff's 16E complaint constitutes "participation clause" activity under Title VII, Plaintiff's claims regarding the continued denial of a cell phone and her 2018 "fully successful" rating should be dismissed, as they occurred prior to Plaintiff filing the 16E complaint. *See e.g.*, Compl. ¶¶ 23-31, 37. Because these actions occurred prior to the filing of the 16E complaint, there can be no nexus between the protected activity and

---

[5]     To the extent the Complaint might be liberally construed to allege that the filing of an OIG complaint in November 2018 also constitutes protected activity, such a claim would likewise fail, as Plaintiff cannot demonstrate a causal connection between the OIG complaint and the agency's actions she contends are discriminatory. As previously noted, several events at issue pre-date the filing of the OIG complaint, as well as her 16E complaint. *See supra* II(B) n.4. In any event, however, Count II (the retaliation claim) nowhere alleges that the OIG complaint constituted protected activity (whereas it does specifically invoke the 16E complaint, *see* Compl. ¶ 65). Further, Plaintiff does not describe the basis of the OIG Complaint, and she accordingly has not plausibly alleged that it could constitute participation under Title VII. *See* 42 U.S.C. § 2003e-3(a).

the alleged discriminatory actions. *See Brodetski*, 141 F. Supp. 2d at 43; *Lewis v. District of Columbia*, 653 F. Supp. 2d 64, 79 (D.D.C. 2009) ("The fact that the allegedly retaliatory actions preceded the protected activity precludes a determination that the protected activity caused the defendant to retaliate against the plaintiff.").

### C.   None of the Alleged Actions Constitute Materially Adverse Actions of Retaliation under Title VII

Even if this Court were to find that Plaintiff has plausibly alleged "prior protected activity" under Title VII, the retaliation claim should nevertheless be dismissed because Plaintiff fails to allege conduct that constitutes a materially adverse action. A materially adverse action for the purposes of retaliation "is one that could conceivably dissuade a reasonable worker from making or supporting a charge of discrimination." *Newton v. Off. of Architect of the Capitol*, 839 F. Supp. 2d 112, 116 (D.D.C. 2012).

The requisite liberal reading of Plaintiff's Complaint establishes that Plaintiff fails to plead materially adverse actions that relate to her retaliation claim. Denial of a cell phone, denial of telework (without loss of leave), and two successful performance evaluations cannot plausibly dissuade a reasonable worker from making or supporting a charge of discrimination. Plaintiff's Complaint fails to allege any objectively tangible harm she may have suffered as a result. In order for a performance evaluation to be materially adverse, it must affect the employee's "position, grade level, salary, or promotion opportunities." *See Baloch v. Kempthorne*, 550 F.3d 1191, 1199 (D.C. Cir. 2008) ("evaluations and written warnings were not adverse actions because none had tangible job consequences.") Plaintiff's bare, conclusory allegations that she was denied bonus opportunities "as a result of retaliation" and "underrating" her performance evaluation (Compl. ¶ 52) do not discharge her burden to show the evaluations were "attached to financial harms." *Id.*; *see also Taylor v. Solis*, 571 F.3d 1313, 1321 (D.C. Cir. 2009). Plaintiff's claim that she was denied

telework suffers a similar fate. *See e.g.*, *Kirton v. Mayorkas*, Civ. A. No. 18-1580 (RCL), 2021 WL 981241, at *5 (D.D.C. March 16, 2021) (finding that denial of telework did not constitute materially adverse action where plaintiff failed to allege that denial affected her salary, job responsibilities, or future employment opportunities in any way).

Further, to the extent the Complaint alleges that Plaintiff was excluded from meetings due to a retaliatory intent, the Court can quickly dispense with this claim. Compl. ¶ 47. It is well settled that exclusion from team meetings, without more, does not constitute an actionable adverse retaliatory action.  *See Gray v. Foxx*, 637 Fed. Appx. 603, 607 (D.C. Cir. 2015) (holding that employee's removal from a presentation did not constitute materially adverse action because employee failed to establish that the removal may have "dissuaded a reasonable worker from making or supporting a charge of discrimination"); *Allen v. Napolitano*, 943 F. Supp. 2d 40, 45-45 (D.D.C. 2013) ("a non-invitation (or even exclusion) from a meeting that causes a loss of status is not actionable absent evidence of objectively tangible harm.")  Plaintiff's complaint fails to allege any objectively tangible harm she may have suffered as a result, and even assuming that Plaintiff was excluded from meetings or relevant discussions, these actions would not dissuade a reasonable worker from making a charge of retaliation.

**D**.     **Plaintiff Fails to Plead a Causal Connection Between Prior Protected Activity and Retaliatory Actions**

As noted above, in order for a Plaintiff to establish a prima facie case of retaliation, she "must show (1) that [the] employee engaged in statutorily protected activity; (2) that the employee suffered a materially adverse action by the employee's employer; and (3) that a causal link connects the two." *Howard*, 737 F.3d at 772.  Even assuming that this Court were to find that Plaintiff has pled sufficient facts to establish that she engaged in statutorily protected activity *and*

suffered an adverse action, her retaliation claim still fails because she cannot establish a causal connection between her protected activity and the alleged discriminatory actions.

A well-pleaded Title VII claim is subject to "traditional principles of but-for causation" and must allege "that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Univ. of Texas*, 570 U.S. at 360. A causal connection may be inferred by "showing that the employer had knowledge of the employee's protected activity, and that the adverse personnel action took place shortly after the activity." *Mitchell v. Baldrige*, 759 F.2d 80, 86 (D.C. Cir. 1985). Claims that rely only on temporal proximity between protected activity and alleged adverse actions to establish a causal connection must demonstrate that the two events occurred "very close" together, *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (per curiam), which this Court has often construed to mean a period of less than three months. *Mclntyre v. Peters*, 460 F.Supp.2d 125, 133 (D.D.C. 2006). *Gustave–Schmidt v. Chao*, 360 F.Supp.2d 105, 118–19 (D.D.C. 2004) (referring to end of three-month window as the "outer limit" of the "temporal requirement in a retaliation case")

Here, Plaintiff contends that her October 2018 16E complaint satisfies statutorily protected activity. But as discussed above, several of the events in the complaint (beginning in 2016 through October 2018) occurred *prior* to Plaintiff's inception of the 16E complaint, and therefore cannot be the predicate for the actions Plaintiff contends were discriminatory. As such, the Court can quickly dispense with these claims.

Turning then to the remaining claims occurring after October 2018 and throughout 2019 ("ignoring Plaintiff", exhibiting "harassing" behavior, and a 2019 "exceeds expectation" performance evaluation), Plaintiff fails to plead facts to demonstrate that the agency's actions were *but for* her 16E complaint. Indeed, Plaintiff does not even allege that the supervisors who

participated in her 2019 performance evaluation where she received a "exceeds expectation" were aware of her 16E complaint. Moreover, the 2019 rating, which occurred in December 2019, took place more than a year after Plaintiff's 16E complaint, further weakening any argument that the agency's actions were done as a result of statutorily protected activity.

Accordingly, because Plaintiff fails to demonstrate that there exists any sort of causal connection between her prior protected activity and the numerous actions Plaintiff believes were retaliatory, the retaliation claim should be dismissed for failure to state a claim upon which relief can be granted.

### III.   Plaintiff Fails to Plausibly Plead a Hostile Work Environment Claim

Though it is unclear from the face of the Complaint whether Plaintiff alleges a hostile work environment claim,[6] should the Court construe the Complaint as bringing such a claim, it should be dismissed, as the Complaint is devoid of evidence or suggestion that the Park Police's conduct rises to the level of severe or pervasive conduct as required by precedents.

In order to show a hostile work environment, a plaintiff must present evidence that his "workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002) (citations and internal quotations omitted).

As pled, Plaintiff's complaint fails to plausibly allege a hostile work environment. Plaintiff only baldly asserts that she was subjected to "ongoing harassment" and hostility (Compl. ¶¶ 33,

---

[6]     Plaintiff brings only two counts, Count I: Discrimination under the ADEA and Count II: Retaliation under Title VII. However, the Complaint makes numerous references to the "harassment" Plaintiff has endured through her tenure with the Park Police. *See e.g.*, Compl. ¶¶ 33, 34, 43, 44, 53.

34, 53), that she was "laughed at, shunned, and spoken to harshly" (Compl. ¶ 29), and that she was "verbally attacked" by Deputy Chief Stephen Booker (Compl. ¶ 43). Notably, Plaintiff does not detail how she was mistreated, verbally attacked, or harassed, other than to state in a conclusory manner that she suffered ongoing and continuing harassment. Further, Plaintiff provides no clear statement of the particular facts and circumstances that would establish the existence of a hostile work environment or that it was the result of discriminatory or retaliatory intent. Ultimately, none of the factual assertions alleged in the complaint, even if taken as true, meet this Circuit's pleading standard for a hostile work environment. Indeed, it is apparent that the Complaint lacks any factual allegations that could establish that Plaintiff was subjected to intimidation, ridicule, or insult on the basis of any protected class to which she claims to belong, let alone that such conduct was severe and pervasive so as to alter the terms and conditions of her employment.

Further, none of the complained of behavior is facially discriminatory or retaliatory. The actions themselves are unremarkable, normal exercises of managerial responsibilities and not statements of verbal or physical abuse in her work environment—all of which establishes that, even if true, the behavior was not severe and pervasive. *See Nurriddin v. Bolden*, 674 F.Supp.2d 64, 94 (D.D.C. 2009) (dismissing hostile work environment claim in part because "the alleged events [we]re temporally diffuse, spread out over a four-year period, suggesting a lack of pervasiveness"). In such situations, courts have been reluctant to find the existence of a hostile work environment and have dismissed such claims. *See e.g.*, *Moore v. Dep't of State*, 351 F. Supp. 3d 76, 91-92 (D.D.C. 2019) (collecting cases); *accord Horsey*, 170 F. Supp. 3d at 266 (hostile work environment claim dismissed due to lack of pleaded facts about the existence of discriminatory intimidation, ridicule, and insult).

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint is subject to dismissal, as Plaintiff has failed to exhaust her administrative remedies. Moreover, Plaintiff's age discrimination and retaliation claims fail to state a claim upon which relief can be granted. Finally, as pled, the complaint fails plausibly to allege a hostile work environment claim.

Dated: May 27, 2021.
         Washington, D.C.                 Respectfully submitted,

                                          CHANNING D. PHILIPS, D.C. Bar No. 415793
                                          Acting United States Attorney

                                          BRIAN P. HUDAK
                                          Acting Chief, Civil Division

                             By:    */s/ Brenda González Horowitz*
                                          BRENDA GONZÁLEZ HOROWITZ
                                          D.C. Bar No. 1017243
                                          Assistant United States Attorney
                                          U.S. Attorney's Office, Civil Division
                                          555 Fourth Street, N.W.
                                          Washington, D.C. 20530
                                          Tel: (202) 252-2512
                                          Brenda.Gonzalez.Horowitz@usdoj.gov

                                          *Attorneys for the United States*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONNIE GREEN, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 21-0329 (RDM) |
| DEB HAALAND, Secretary | ) |
| U.S. Department of the Interior, | ) |
| | ) |
| *Defendant*. | ) |
| | ) |

**[PROPOSED] ORDER**

Upon consideration of Defendant's Motion to Dismiss, any opposition and replies thereto, and the entire record herein, it is this _____ day of _____, 2021,

ORDERED that Defendant's Motion to Dismiss is GRANTED.

It is FURTHER ORDERED that Plaintiff's Complaint is dismissed with prejudice.

SO ORDERED.

_____
Dated

_____
RANDOLPH D. MOSS
United States District Court Judge